IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John S. Stritzinger, | ) | |
| | ) | |
| | ) | Civil Action No. 3:15-4951-TLW |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Barry Baird; Suzanne Baird; KBW; | ) | |
| Vernon Wright; David Karpey; Christopher | ) | |
| Stockley, *Bank of America*; Michael | ) | |
| Grant; Barbara Desoer, *Citigroup*; and Louis | ) | |
| Freeh & Associates, *Attn: Mr. Freeh* | ) | |
| *(MBNA America Board Member)* & | ) | |
| *Vice Chairman*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

The Plaintiff, John S. Stritzinger ("Plaintiff"), proceeding *pro se*, filed this action, originally captioned "Criminal Complaint" (Doc. #1), and subsequently filed a "Motion to Proceed with Delayed Fees, and Request for Issuance of Process and Conditional Motion to Dismiss if the Court Refuses" (Doc. #4) seeking to have criminal charges filed.

The matter now comes before this Court for review of the Report and Recommendation ("the Report") issued on April 6, 2016 by United States Magistrate Judge Paige J. Gossett, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) (DSC). (Doc. #24). In the Report, the Magistrate Judge recommends that the above-captioned case be summarily dismissed without prejudice and without issuance and service of process pursuant to Federal Rule of Civil Procedure 41(b) (providing that district courts may dismiss an action if a plaintiff fails to comply with an order of the court) and Chandler Leasing

Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982). (Doc. #24). Plaintiff filed an Objection to the Report on April 15, 2016. (Doc. #27).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court therefore applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Hous. Auth. of City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has carefully reviewed, de novo, the Magistrate Judge's Report and Recommendation, Plaintiff's Objections, and all other relevant filings in this matter. The Court concludes that Plaintiff's Objections to the Report are not specific and are without merit. Therefore, after careful review of the Report and Objections thereto, it is hereby **ORDERED** that the Report and Recommendation be **ACCEPTED** (Doc. #24). For the reasons articulated by the Magistrate Judge, this case is **DISMISSED** without prejudice and without issuance and service of process.

It is **FURTHER ORDERED** that Plaintiff's additional filings and motions related to this matter are all hereby terminated as **MOOT**; specifically the following: Plaintiff's "Afadavit of Petitioner" (sic) and "Motion to Proceed with Delayed Fees, and Request for Issuance of Process and Conditional Motion to Dismiss if the Court Refuses," (Doc. #4); "Additional Notices & Order to Compel the Vice President to Appear," (Doc. #10); "Motion for Discovery Order," (Doc. #16); "Second Supplemental Motion for Discovery Order," (Doc. #17); "Notice of Past Due Service & Scheduling Order," (Doc. #23).

As noted above, this case is **DISMISSED** without prejudice and without issuance and service of process; in light of that dismissal, all pending motions are hereby terminated as **MOOT.**

**IT IS SO ORDERED**.

June 22, 2016                                           s/ Terry L. Wooten
Columbia, South Carolina                         Chief United States District Judge